IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **STEPHEN SCOTT SMITH,** : | |
| Petitioner : | No. 1:23-cv-02052 |
| : | |
| v. : | (Judge Kane) |
| : | |
| **WARDEN D. CHRISTENSEN,** : | |
| Respondent : | |

**MEMORANDUM**

Presently before the Court is pro se Petitioner Stephen Scott Smith ("Smith")'s amended petition for a writ of habeas corpus under 28 U.S.C. § 2241. For the reasons set forth below, the Court will dismiss the amended petition as moot.

**I.    BACKGROUND**

Smith commenced this action by filing his Section 2241 petition, which was docketed on December 11, 2023. (Doc. No. 1.) He later filed an amended habeas petition along with a supporting memorandum of law on January 10, 2024. (Doc. Nos. 6, 7.) In his amended petition and supporting memorandum, Smith generally asserted that the Federal Bureau of Prisons ("BOP") failed to apply his First Step Act ("FSA") time credits towards his placement in a halfway house. (Doc. No. 7 at 2.) Smith sought the application of those time credits and an order directing the BOP to immediately place him in a halfway house. (Id. at 3.)

On January 17, 2024, the Court entered an Order directing Respondent to file a response to Smith's amended habeas petition. (Doc. No. 8.) Respondent filed a timely response in opposition to Smith's amended petition on February 6, 2024, in which he generally argued that the Court should dismiss the amended petition because Smith failed to exhaust his administrative remedies or, alternatively, deny the petition because Smith's "high PATTERN risk score renders

him ineligible for the application of his earned FSA [time credits] and he is not entitled to the 365-day [Residential Re-Entry Center] placement he seeks." See (id. at 2).

Smith filed a traverse in further support of his amended habeas petition on February 15, 2024. (Doc. No. 11). Smith then filed a "Judicial Notice of Exigent Circumstances" on March 18, 2024. (Doc. No. 12.)

On March 5, 2025, Respondent filed a suggestion of mootness in which he indicated that Smith was released from BOP custody on February 10, 2025. (Doc. No. 13 at 1.) Respondent requested that the Court dismiss Smith's amended Section 2241 petition as moot due to his release from federal custody. (Id. at 4.)

On March 6, 2025, the Court issued an Order which, inter alia, required Smith to show cause within thirty (30) days why the Court should not dismiss his amended Section 2241 habeas petition as moot due to his apparent release from incarceration. (Doc. No. 14.) The Court also warned Smith that if did not timely respond, the Court would deem him to be unopposed to the dismissal of his amended petition as moot. (Id. at 4.) Smith has not responded to this Order despite the passage of well more than thirty (30) days, and he has not sought an extension of time to file a response.

**II.     DISCUSSION**

"Article III of the [United States] Constitution limits federal 'judicial Power' to the adjudication of 'Cases' or 'Controversies.'" Abreu v. Superintendent Smithfield SCI, 971 F.3d 403, 406 (3d Cir. 2020) (quoting Toll Bros., Inc. v. Twp. of Readington, 555 F.3d 131, 137 (3d Cir. 2009)). "For a case or controversy to exist, a petitioner, throughout each stage of the litigation, 'must have suffered, or be threatened with, an actual injury traceable to the [respondent] and likely to be redressed by a favorable judicial decision.'" Id. (quoting DeFoy v.

2

McCullough, 393 F.3d 439, 442 (3d Cir. 2005)).  Consequently, "a habeas corpus petition generally becomes moot when a prisoner is released from custody because the petitioner has received the relief sought."  See id. (citing DeFoy, 393 F.3d at 441); see also Hamilton v. Bromley, 862 F.3d 329, 335 (3d Cir. 2017) (explaining that mootness is "a doctrine that 'ensures that the litigant's interest in the outcome continues to exist throughout the life of the lawsuit,' and which is 'concerned with the court's ability to grant effective relief'" (quoting Freedom from Religion Found. Inc. v. New Kensington Arnold Sch. Dist., 832 F.3d 469, 476 (3d Cir. 2016) and County of Morris v. Nationalist Movement, 273 F.3d 527, 533 (3d Cir. 2001))).

Nevertheless, a petitioner who has been released from custody "may obtain judicial review of a [habeas] petition by showing that [they] continue[] to suffer from secondary or collateral consequences of [their] conviction."  See Abreu, 971 F.3d at 406 (citations omitted).  Generally speaking, "collateral consequences will be presumed when the [petitioner] is attacking [their] conviction while still serving the sentence imposed for that conviction [and] . . . where the[y are] attacking that portion of [their] sentence that is still being served."  See id. (citing United States v. Jackson, 523 F.3d 234, 242 (3d Cir. 2008)). Once a petitioner has been released, however, the Court does "not presume that a conviction carries collateral consequences."  See Abreu, 971 F.3d at 406 (citing Burkey v. Marberry, 556 F.3d 142, 148 (3d Cir. 2009)).  Instead, the Court "must 'address[] the issue of collateral consequences in terms of the 'likelihood' that a favorable decision would redress the injury or wrong.'"  See id. (quoting Burkey, 556 F.3d at 148).  For that reason, "[i]t is not enough if 'collateral consequences proffered by the petitioner' amount to 'a possibility rather than a certainty or even a probability.'"  See id. (quoting Burkey, 556 F.3d at 148).

3

In this case, Smith's amended petition in which he challenges the application of his earned time credits appears mooted because of his release from federal incarceration. See, e.g., Scott v. Schuylkill, FCI, 298 F. App'x 202, 204 (3d Cir. 2008) (unpublished) (explaining that "[g]ood time credits affect the timing of an inmate's conditional release from prison, but they do not alter the sentence itself" and concluding that petitioner's Section 2241 petition was "moot because it is not redressable by a favorable judicial decision" insofar as petitioner's "good time credits ceased to have any effect" once petitioner "served the entire term of imprisonment and was released upon its completion"). Although Smith could still potentially obtain judicial review if he showed that he continues to suffer from secondary or collateral consequences, he has failed to make such a showing by responding to the Court's Order. Accordingly, the Court concludes that Smith's amended Section 2241 petition is moot and, as such, it will be dismissed.

## III. CONCLUSION

Accordingly, for the foregoing reasons, the Court will dismiss Smith's amended Section 2241 petition as moot and direct the Clerk of Court to close this case. An appropriate Order follows.

s/ Yvette Kane<br>
Yvette Kane, District Judge<br>
United States District Court<br>
Middle District of Pennsylvania